SCHOTT, Judge.
Plaintiff has appealed from a dismissal of his suit for damages to his automobile. Defendants-appellees are Fay New and Len-fant’s, Inc.
In June, 1977, plaintiff was invited to a four-day fishing trip and party near Coco-drie, Louisiana. The host had arranged for Lenfant’s to supply food and beverages for the party and had engaged the services of 16 year old Donald New, son of defendant Fay New, to cook and clean up for the group. On the first morning while Donald was preparing breakfast for the group he ran out of milk and plaintiff loaned him his automobile so that he could go to the grocery nearby. Donald returned without incident and plaintiff, who was preparing to go out fishing with the group, told Donald that he could use his automobile if it was necessary for him to go back to the grocery. When plaintiff returned from fishing he found that his car had collided with a tree and was demolished. When asked how the accident happened Donald gave the following testimony: “I was just sliding on the gravel road . . . . I was trying to turn the wheel this way (indicating), but it went the other way. I was trying to stop it. I didn’t know which way to stop it. I didn’t want to go in the water.”
*585 Plaintiff’s suit against Fay New is based on LSA C.C. Art. 2318’s making the father liable for the damage caused by his minor child residing with him. His suit against Lenfant’s is based on Art. 2320’s making the employer liable for the damage caused by his employee in the course and scope of employment.
Since the trial judge assigned no reasons we can only speculate as to why he dismissed the suit. Perhaps he inferred that plaintiff’s steering mechanism failed. Fay New contends that plaintiff was contributo-rily negligent in loaning his automobile to Donald without determining that he was a competent driver, but New pleaded no affirmative defense. Even so, the record does not indicate that Donald was an incompetent driver or that there was any reason on the part of plaintiff to suppose that he was incapable of driving an automobile. He was licensed although only to drive with a licensed adult (See R.S. 32:422), but he had successfully driven the automobile to the store already when plaintiff authorized him to take the automobile to the store later.
We have concluded that plaintiff is not entitled to recover against Lenfant’s because the evidence does not establish that Donald New, even if Lenfant’s employee at the time of the accident, was acting in the course and scope of his employment. On the day the trip began Donald was picked up by a member of the fishing group at Lenfant’s but his compensation was to be paid directly to him by the host of the party. Perhaps more clearly, Donald’s employment as to Lenfant’s was that of cook, bartender and dishwasher for the fishing party, but Lenfant’s did not employ him as a driver (although the fishing party did) and thus Donald was not acting as to Len-fant’s “in the exercise of the functions” of his employment, Art. 2320. See National Fire Insurance Co. of Hartford v. Rowe, 116 So.2d 104 (La.App. 1st Cir. 1959) and Dunn v. Campo, 179 So. 102 (La.App.Orl.1938).
As to Fay New, we have concluded that Art. 2318 is not applicable under the facts and circumstances of this case. While this boy was residing with his father in general he was taken to the fishing camp by this group of sportsmen as a live-in servant for four days during which he was beyond the authority of his father. Plaintiff and his host and companions were the masters and Donald New was their servant. When the accident occurred Donald was on a mission for plaintiff and was driving plaintiff’s automobile with his specific authorization. We do not believe that the redactors of the Civil Code intended (nor does the legislature intend) for Art. 2318 to impose liability on Donald’s father under these circumstances.
AFFIRMED.